Yancey Douglas **HARDY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15836.

United States Court of Appeals
Eighth Circuit.

Jan. 8, 1958.

Yancey Douglas Hardy, pro se.

F. E. Van Alstine, U. S. Atty., and Theodore G. Gilinsky, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before SANBORN, JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal by Yancey Douglas Hardy from an order of the District Court, dated May 16, 1957, denying his motion under 28 U.S.C.A. § 2255 for the vacation of the sentence imposed upon him March 22, 1951, after he had been tried and convicted.

In its order the District Court said:

" * * * The defendant was convicted of the offenses on which he was sentenced after a lengthy trial in which he was vigorously, skillfully and ably defended by one of the ablest trial lawyers in this District under Court appointment. The defendant appealed his conviction to the United States Court of Appeals for the Eighth Circuit. He was given leave to appeal In Forma Pauperis and a complete transcript of the proceedings at the trial was furnished him at the cost of the Government. On appeal he was represented by an able lawyer appointed by the United States Court of Appeals for the Eighth Circuit. On appeal his conviction was affirmed, Hardy v. United States, 8 Cir., 1952, 199 F.2d 704. * * *"

In affirming the judgment and sentence from which Hardy appealed after having been tried and found guilty of the offenses charged against him by indictment, this Court said (Hardy v. United States, 8 Cir., 199 F.2d 704, 708):

"We are satisfied that appellant has had all the elements and incidents of a fair trial. He has been provided with the services of capable, experienced and diligent counsel, both in the trial court and here, who have conscientiously and adequately, at every stage, presented his position and protected his rights. The evidence of his guilt, as we have said, is strong. No judicial error has been shown; no misleading of the jury, from improper court room atmosphere or otherwise, can be said to have occurred; and no miscarriage of justice either processively or fundamentally exists in his conviction."

In his motion for the vacation of his sentence Hardy asserts, in effect: (1) that his arrest, in Texas, was illegal; (2) that the trial court was without jurisdiction of his person, on the grounds, (a) that he was arrested without a warrant, at Tyler, Texas, on December 2, 1950, (b) that his arrest was without a showing of probable cause, (c) that no complaint was filed of record, (d) that he was held incommunicado for eleven days prior to removal across state lines from the Eastern District of Texas to the Northern District of Iowa, (e) that he was not taken before a United States Commissioner or Federal Judge from the time of his arrest until January 19, 1951, (f) that no removal proceeding was held, (g) that he was not represented by counsel until he was arraigned in Fort Dodge, Iowa, (h) that evidence unlawfully procured from his home in Tyler, Texas, was introduced in evidence at the trial over objection, and (i) that he had ineffective assistance of counsel, who failed to urge at the trial that Hardy is now urging as grounds for the vacation of his sentence.

Hardy's assertion that he had ineffective assistance of counsel is obviously untrue.

Assuming that all else that Hardy asserts in his motion were true, we fail to see what difference that would make. There was a valid indictment pending against him in the United States District Court for the Northern District of Iowa; he was brought before that court; without mentioning any of the things of which he now complains, he asked for the appointment of counsel before arraignment; counsel was appointed by the court to represent him on arraignment, which took place at Fort Dodge, Iowa; he was arraigned and stood mute; a plea of not guilty was entered by the court for him on each of the three counts of the indictment; counsel was then appointed for him by the court to represent him upon the trial, which was held in Mason City, Iowa, before a jury; the case was tried; he was there and was represented by counsel; the jury found him guilty of the offenses charged in the indictment; he was validly sentenced upon the jury verdict; he was then permitted to appeal in forma pauperis; the District Court required the government to furnish him with a transcript of the proceedings at the trial; this Court appointed counsel to represent him on his appeal; his case was thoroughly briefed and argued; and his conviction was affirmed. The District Court unquestionably had jurisdiction of his person and of the charges upon which he was brought to trial.

 Assuming, without deciding, that the irregularities in the proceedings which resulted in his removal from Texas to the Northern District of Iowa actually occurred and could have been of any avail to him after he was produced in the United States District Court for that District, such irregularities were waived under Rule 12(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and by his submitting himself to the jurisdiction of that court for trial.

" * * * due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to

trial against his will." Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 512, 96 L.Ed. 541.

We agree with the District Court that the files and records of this case conclusively show that Hardy is entitled to no relief.

The order appealed from is affirmed.