John Thomas GRAVELY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7577.

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1958.

Decided Jan. 11, 1958.

William E. Graham, Jr., Charlotte, N. C., for appellant (John Thomas Gravely, pro se, on the brief).

H. Clyde Pearson, Asst. U. S. Atty., Roanoke, Va. (John Strickler, U. S. Atty., Roanoke, Va., on the brief), for appellee.

Before PARKER, Chief Judge, HAYNSWORTH, Circuit Judge, and STANLEY, District Judge.

PER CURIAM.

 This is an appeal from denial of a motion under 28 U.S.C. § 2255 to set aside a judgment and sentence of imprisonment. Appellant, who was represented at his trial by counsel of his own choosing, was convicted of conspiracy to violate the statutes relating to handling and dealing in Marijuana, be-

ing 26 U.S.C. secs. 4755(a), 4742(a), 4744(a) and 7273. His contentions are that the attorneys who represented him at the trial were not competent, that the bill of indictment in the case was not valid and that the evidence adduced on the trial was insufficient. There is no merit in any of these contentions. The defendant was represented at his trial by two lawyers whom he himself had selected, and there is nothing in his motion or in the record of the trial to indicate that they were not competent or that they did not faithfully represent him; the bill of indictment clearly and correctly charges the crime of conspiracy of which appellant was convicted; and the evidence was clearly sufficient to warrant conviction. The points raised as to the sufficiency of the evidence are so lacking in merit as not to warrant discussion and, in any event, could not be raised by motion under 28 U.S.C. § 2255. Appellant complains that he was not brought before the court for the hearing of his motion; but there were no substantial issues of fact raised by his petition which would justify his being brought into court for the hearing. See United States v. Hayman, 342 U.S. 205, 222–223, 72 S.Ct. 263, 96 L.Ed. 232; Crowe v. United States, 4 Cir., 175 F.2d 799, 801. As said by this Court in the case last cited:

"Crowe complains because his production in court was not ordered; but the section under which the motion was made expressly provides: 'A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.'

"* * * Only in very rare cases, we think, will it be found necessary for a court to order a prisoner produced for a hearing under 28 U.S.C.A. § 2255. Certainly, whether or not the court should require him to be brought into court for the hearing is a matter resting in the court's discretion. Production of the prisoner should not be ordered merely because he asks it, but only in those cases where the court is of opinion that his presence will aid the court in arriving at the truth of the matter involved."

Affirmed.