Arthur Earl **BISTRAM**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 15872.

United States Court of Appeals
Eighth Circuit.

April 4, 1958.

Arthur Earl Bistram filed brief pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., filed brief for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

In this proceeding instituted by authority of Title 28 U.S.C.A. Sec. 2255, Arthur Earl Bistram has appealed from the order of the Court denying his motion to vacate sentence and application for writ of habeas corpus ad testificandum. In view of the contentions advanced by appellant, it is deemed advisable to review the proceedings antedating the original judgment and commitment.

While a fugitive, appellant, his brother, and one Allen Hartman, were stopped by a police officer at Mandan, North Dakota, on June 5, 1949. They unlawfully and with force seized the officer and transported him by automobile into the State of Nebraska where he was released. On June 6, 1949, a complaint was filed by a special agent of the Federal Bureau of Investigation before Aaron Aronson, United States Commissioner for the District Court of North Dakota, charging appellant and his cohorts with violation of Title 18 U.S.C.A. Sec. 1201. Thereafter, and on the same day, a warrant was issued by the United States Commissioner for the arrest of appellant. On June 6, 1949, by a telephone call, the Sheriff at West Point, Nebraska, was notified that appellant desired to surrender, and pursuant thereto, he was taken into custody and placed in the West Point, Nebraska, jail. On June 7, 1949, appellant was taken by officers of the United States Government before United States Commissioner George W. Dittrick at Norfolk, Nebraska, and in default of a $20,000 bond for his appearance before said Commissioner, was committed to jail. On June 14, 1949, appellant again appeared before Commissioner Dittrick, at which time, pursuant to Rule 40(b), F.R.C.P., 18 U.S.C.A., appellant waived hearing and consented to removal to the District of North Dakota, Southwestern Division. He appeared before Honorable James A. Donohoe, a Judge of the United States District Court, District of Nebraska, on June 15, 1949, who issued Warrant of Removal on that day commanding that appellant be removed to the District of North Dakota. Thereafter, and on July 15, 1949, appellant appeared before the Honorable Charles J. Vogel, Judge of the United States District Court for North Dakota, and requested appointment of a lawyer to represent him. By an indictment returned on September 22, 1949, appellant was charged with transporting in interstate commerce from Mandan, North Dakota, to vicinity of Laurel, Nebraska, one Ralph Alex Senn, who had theretofore been unlawfully seized, abducted and kidnapped by appellant and others, in violation of Title 18 U.S.C.A. Sec. 1201. To that charge, with his lawyer present, appellant entered a plea of guilty on September 27, 1949, but sentence was deferred until October 28, 1949, when the Court assessed a penalty of 25 years' imprisonment.

On July 25, 1957, appellant filed motion to vacate the sentence and application for writ of habeas corpus ad testificandum, and, as stated at the outset, he has appealed from the order denying both applications.

Appellant contends that he was denied the constitutional rights and due process as guaranteed by the IV, V, VI, and XIV Amendments to the Constitution. In support of this broad and general charge, appellant takes the position that the government officers who removed him from the West Point, Nebraska Jail, were not armed with a warrant for his arrest; that therefore his arrest was illegal, and, being so, the District Court of North Dakota, which ultimately rendered the judgment sentencing appellant to prison, lacked jurisdiction of his person; that this want of jurisdiction rendered the proceedings void, and consequently the sentence must be vacated.

We are not impressed with the urgency of these contentions. The fact of the matter is when appellant was taken from the Nebraska jail on June 7, 1949, a warrant for appellant's arrest was in existence, for the record shows that on June 6, such a warrant was issued by the United States Commissioner. Rule 4 (c) (3), Federal Rules of Criminal Procedure, 18 U.S.C.A., clearly and explicitly provides that the arresting officer need not have the warrant in his possession when the arrest is made, but upon request shall exhibit the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at time of arrest, it is necessary that he inform the defendant of the offense charged and of the fact that a warrant has been issued. Whether this last requirement was met in the instant case we are unable to determine. The record is silent in that regard, but we do observe that a return was made by the United States Marshal for the District of Nebraska, which shows that appellant was arrested at Omaha, Nebraska, on June 8, 1949, which of course was one day following appellant's appearance before the United States Commissioner.

But even though appellant may be correct in his assertion that the warrant was not shown to him, and that the officers failed to inform him of the existence of a warrant or of the nature of the offense charged, his basic claim of no jurisdiction of his person must fail.

Rule 12(b) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

In Pon v. United States, 1 Cir., 1948, 168 F.2d 373, the court was concerned with the precise question here presented, i.e., Pon attacked the jurisdiction of the court over his person on the ground that the officers arrested him without a warrant, having no reasonable cause to believe that he had committed a felony. In ruling the point against the appellant, the court stated, loc. cit. 374, "The defendant went to trial on his plea of not guilty without objecting to the jurisdiction of the court over his person, and thereby waived such objection. He cannot question the legality of his arrest at a later stage in the proceeding. This has long been the rule and the practice. 'While the competency of any court to adjudicate the subject matter may always be questioned, jurisdiction of the person, if not challenged upon appearance, is equivalent to consent.' Chapman v. Scott, D.C., 10 F.2d 156, 159, affirmed 2 Cir., 10 F.2d 690; Ford v. United States, 273 U.S. 593–606, 47 S.Ct. 531, 71 L.Ed. 793." The Court also considered Rule 12(b) (2) supra, and interpreted the phrase, "lack of jurisdiction," appearing therein to refer to jurisdiction over the subject matter, which a defendant has no power to waive. See also United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, which unequivocally holds that personal jurisdiction can be waived in a criminal as well as a civil case.

For an equally cogent reason, appellant's contention must be disallowed. It has long been a firmly entrenched principle of federal jurisprudence that if the accused is personally before a court having jurisdiction of the subject matter, that court has jurisdiction over the accused regardless of how he was brought into the presence of the Court. Strand v. Schmittroth, 9 Cir., 233 F.2d 598, appeal dismissed, 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed. 186, and cases cited in footnote 11, at page 604 of 233 F.2d; Robinson v. United States, 6 Cir., 144 F.2d

392, loc. cit. 396, affirmed, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944; Chandler v. United States, 1 Cir., 171 F.2d 921, certiorari denied, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; Hardy v. United States, 8 Cir., 250 F.2d 580. In Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541, the Supreme Court considered the claim of respondent Shirley Collins that while he was living in Chicago, Michigan officers "forcibly seized, handcuffed, blackjacked and took him to Michigan." The contention was that the trial and conviction under such circumstances was in violation of the Due Process Clause of the Fourteenth Amendment and the Federal Kidnapping Act. In ruling the point, the Court stated, 342 U.S. at page 522, 72 S.Ct. at page 511:

> "This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

To like effect are United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687, and United States ex rel. Master v. Baldi, 3 Cir., 198 F.2d 113, certiorari denied, Pennsylvania ex rel. Master v. Baldi, 340 U.S. 866, 71 S.Ct. 88, 95 L.Ed. 632.

The point is also made in support of the claim that due process was denied appellant, that the Southeastern Division of the District Court of North Dakota was without jurisdiction to impose the judgment and sentence inasmuch as the offense was alleged to have been committed in the Southwestern Division of said District. It is true that Rule 18, Federal Rules of Criminal Procedure, 18 U.S.C.A., provides that, "Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed"; however, it is well settled that this is a venue privilege which may be waived by the accused. United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, loc. cit. 346, certiorari denied, 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940, 942; Bickford v. Looney, 10 Cir., 219 F.2d 555, 556 (Kidnapping case). Having intelligently entered a plea of guilty, the appellant waived all nonjurisdictional irregularities and defenses, including the defect with respect to venue. Lipscomb v. United States, 8 Cir., 209 F.2d 831, certiorari denied, 347 U.S. 962, 74 S.Ct. 711, 98 L.Ed. 1105, rehearing denied, 347 U.S. 1022, 74 S.Ct. 875, 98 L.Ed. 1142; Lipscomb v. United States, 8 Cir., 226 F.2d 812, certiorari denied, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843; rehearing denied, 350 U.S. 1003, 76 S.Ct. 550, 100 L.Ed. 866; United States v. Gallagher, supra; Mahaffey v. Hudspeth, supra; Levine v. United States, 8 Cir., 182 F.2d 556, 558; Bickford v. Looney, 10 Cir., 219 F.2d 555.

Appellant's final complaint goes to the refusal of the District Court to issue writ of habeas corpus ad testificandum for his presence at a hearing on motion to vacate sentence. The statute which authorizes the filing of the motion, Title 28 U.S.C.A. Sec. 2255, provides that the court may entertain and determine such a motion without requiring produc-

tion of the prisoner at the hearing. In United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, the Supreme Court, in an exhaustive discussion of the purposes of the legislation, stated, 342 U.S. loc. cit. 223, 72 S.Ct. loc. cit. 274: "Whether the prisoner should be produced depends upon the issues raised by the particular case." In Crowe v. United States, 4 Cir., 1949, 175 F.2d 799, 801, followed by the same court in Gravely v. United States, 4 Cir., 1958, 251 F.2d 360, 361, it was stated:

" * * * Only in very rare cases, we think, will it be found necessary for a court to order a prisoner produced for a hearing under 28 U.S. C.A. § 2255. Certainly, whether or not the court should require him to be brought into court for the hearing is a matter resting in the court's discretion. Production of the prisoner should not be ordered merely because he asks it, but only in those cases where the court is of opinion that his presence will aid the court in arriving at the truth of the matter involved."

The court which considered appellant's motion reached the opinion that the files and records showed conclusively that appellant was entitled to no relief as a matter of law, and that there was no substantial issue of fact which required production of the appellant for a hearing. Careful analysis of the motion to vacate the sentence, the record, and the contentions here advanced by appellant, demonstrate the correctness of this finding. In addition to the authorities above cited, the court's action in this respect finds support in Lipscomb v. United States, 8 Cir., 226 F.2d 812, certiorari denied, 350 U.S. 971, 76 S.Ct. 445, 100 L.Ed. 843; Richardson v. United States, 8 Cir., 217 F.2d 696; United States v. Rosenberg, 2 Cir., 200 F.2d 666, 671, certiorari denied, 345 U.S. 965, 73 S.Ct. 949, 97 L. Ed. 1384, rehearing denied, 345 U.S. 1003, 73 S.Ct. 1131, 97 L.Ed. 1408; Hardy v. United States, 8 Cir., 250 F.2d 580.

The whole record conclusively and convincingly demonstrates that the appellant was not deprived of any of his constitutional rights or due process. Accordingly, the order appealed from is affirmed.