**William Budslow POTTER, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

*No. 16967.*

United States Court of Appeals
Eighth Circuit.

June 21, 1962.

William Budslow Potter, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

This is an appeal by William Budslow Potter from an order denying his motion for correction of sentence. Appellant, by an indictment returned in the Western District of Missouri, was charged in Count I with armed robbery of the Cornerstone Bank, Southwest City, Missouri, in violation of 18 U.S.C.A. § 2113, and in Count V with conspiracy to commit such robbery in violation of 18 U.S.C.A. § 371. The site of the offenses alleged is in the Southwestern Division of the United States District Court for the Western District of Missouri.

Appellant appeared in the United States District Court for the Western District of Missouri, Western Division, with counsel of his own choosing, and voluntarily entered pleas of guilty to each of such counts. The guilty pleas were accepted. Consecutive sentences of 14 years on the bank robbery count and

3 years on the conspiracy count were imposed.[1]

■ In the motion now under consideration appellant claims that he is entitled to have the sentences imposed upon him corrected pursuant to 28 U.S.C.A. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for the following reasons:

"(1) That, the defendant, did not sign a waiver of venue, within the District from the 'Southwestern Division', at Joplin, Missouri, to the 'Western Division', at Kansas City, Missouri.

"(2) That, the offense charged in Case No. 2240, was cognizable only within the Court at Joplin, Missouri

"(3) That, the sentence imposed thereon by the Court at Kansas City, Missouri, was without jurisdiction, and therefore 'void'."

The issue presented by this appeal is whether the court sitting in its Western Division at Kansas City had jurisdiction to receive appellant's pleas of guilty and impose sentence for a crime committed in another division of said court.

The trial court in denying the motion states:

"Petitioner of course is confusing jurisdiction with venue. Since the offense took place in the Western District of Missouri, the Court did have jurisdiction, and it is well settled that when petitioner appeared with counsel and intelligently entered a plea of guilty, he waived all nonjurisdictional irregularities including venue. This precise question arose in the case of Bistram v. United States (C.A.8 1958), 253 F.2d 610.

"Furthermore, although the files and records do not show a formal written consent to transfer the venue to Kansas City in the Western Division, the record of the hearing before Judge Whittaker clearly indicates that in the separate appearances before him it was defendant's intention and desire that this case, together with three other cases which were to be transferred to Kansas City under the provisions of Rule 20, Federal Rules of Criminal Procedure, were to be disposed of in order to avoid a trial in Joplin. There is nothing in Rule 19, Federal Rules of Criminal Procedure, that requires that the consent to disposition in another division of the same district be in writing."

As pointed out by the trial court, we clearly ruled against the contention urged by the appellant in Bistram v. United States, 8 Cir., 253 F.2d 610. There, as here, the plea of guilty was received and the sentence was imposed in a different division of the court from that in which the offense was committed. We upheld the validity of the conviction. We recognized that under Rule 18 the appellant has a right to be tried in the division of the court in which the offense was committed, but we determined that this is a venue provision which can be waived by an accused. We stated:

"Having intelligently entered a plea of guilty, the appellant waived all nonjurisdictional irregularities and defenses, including the defect with respect to venue." (Citations omitted.) 253 F.2d, 613.

In our present case, the appellant by entering his voluntary pleas of guilty at Kansas City waived his right to be tried in the Southwestern Division of the court. The court, sitting in the Western Division, acted within its jurisdiction in accepting the pleas of guilty and imposing sentence.

Appellant in his brief states:

"After numerous transfers from jail to jail at the whim and caprice

[1] At the same time appellant, having previously signed waiver of indictment and consent to transfer under Rule 20, was sentenced to three 5 year sentences to run consecutively to the above sentences and consecutively to each other, making aggregate sentences of 32 years. These additional sentences are not here involved.

of the Court (See Record), while the case was properly on docket at Joplin, Missouri, the Plea of Guilty here has the appearance of coercion, rather than consent."

 The above matter is included in the body of the brief and is not made a separate point. We are not certain that the appellant by the foregoing statement intends to raise the issue that he did not knowingly and intelligently enter his plea of guilty. While such contention is wholly lacking in merit, under this record the conclusive answer to such contention in its present setting is that the issue asserted was not raised in the trial court and hence it is not entitled to be considered upon appeal. Bartholomew v. United States, 8 Cir., 286 F.2d 779, 781–782; Johnston v. United States, 8 Cir., 254 F.2d 239, 241.

The trial court committed no error in denying appellant's motion.

Affirmed.