**Charlie Vernon HUTTO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 70–37.**

United States District Court, D. South Carolina, Columbia Division.

Feb. 27, 1970.

---

Charlie Vernon Hutto, pro se.

Joseph O. Rogers, Jr., U. S. Atty., for District of South Carolina, Columbia, S. C., and Ryan C. Shealy, Asst. U. S. Atty., for respondent.

## ORDER

HEMPHILL, District Judge.

Petitioner, who has previously filed with this court seeking the GREAT WRIT [1], attacks the judgment and sentence on two grounds: (1) that he was under jurisdiction of the United States District Court for the Eastern District of Virginia; and, (2) that he pled guilty to escape "further harassment by agents of the Attorney General." This court has reviewed the entire file, including the transcript of his arraignment and plea, in Criminal Action Num-

---

1. He filed a petition similar to the one before this court on May 6, 1969, by letter. This court found he was seeking a reduction in sentence, which was refused.

ber 67–457 [2], District of South Carolina For the purpose of this consideration a chronology is included.

On February 22, 1967, the Cayce, South Carolina, Branch of the First National Bank of South Carolina, was robbed. Within a short time petitioner was arrested. Before he could be brought to trial for the offense in South Carolina he was tried in the United States District Court for the Eastern District of Virginia, at Norfolk, and sentenced to ten years in custody of the Attorney General, for robbery of the First and Merchants National Bank, Oregon —Pembroke Branch, Virginia Beach, Virginia. While serving the Virginia sentence he was brought to Columbia[3] for arraignment and, on January 26, 1968, entered a plea of not guilty to the indictment pending in the District of South Carolina. He was returned to detention at Lewisburg to continue serving the sentence imposed for robbery at Virginia Beach.

On July 18, 1968, petitioner signed his Consent to Transfer of Case For Plea and Sentence (under Rule 20), and the transfer was approved by the District Attorney of the District of South Carolina and the District Attorney for the Eastern District of Virginia, the consent stating the matter would be disposed of in the Alexandria Division. The case was never disposed of in Virginia. On October 10, 1968, petitioner, at the time in residence at Lewisburg, was returned to South Carolina[4] to testify against Edward Moore Bryant, Jr.[5] At that time the record before the court included petitioner's plea of not guilty. Petitioner was placed in detention at Columbia, S. C., in the district in which the robbery was committed. On October 31, 1968, the United States District Court for the Eastern District of Virginia entered an order allowing the United States to withdraw its consent to the Rule 20 transfer.[6] There was no appeal from the order allowing withdrawal of consent (approval).

On December 17, 1968, petitioner appeared in this court and withdrew his plea of not guilty and entered a plea of guilty as to Count II (bank robbery, 18 U.S.C. § 2113(a)) of the indictment.[7] Before the court would allow him to change his plea from not guilty to guilty he was examined to assure that he understood[8] his constitutional rights, including his right to trial by jury, that he understood what he was doing, and that his actions were voluntary:

> THE COURT: At this point despite the fact that you have come here for the purpose of changing your plea of not guilty to guilty, I tell you that you do not have to plead guilty, and we do not have to proceed. Do you understand that?

---

2. United States v. Edward Moore Bryant, Jr., Cornelius Allen Butler and Charlie Vernon Hutto, filed in the Columbia Division December 13, 1967; the first count charged conspiracy under 18 U.S.C. § 371; the second count charged violation of 18 U.S.C. § 2113(a); and the third count charged violation of 18 U.S.C. § 2113(d).

3. The order for a Writ of Habeas Corpus ad Prosequendum was issued December 19, 1967.

4. A Writ of Habeas Corpus ad testificandum was issued at Columbia, South Carolina, October 3, 1968.

5. On October 15, 1968, Bryant changed his plea from not guilty to guilty on Count I of the indictment (conspiracy, 18 U.S.C.

§ 371) and was sentenced thereon on October 16, 1968.

6. Criminal Action Number 4679A, Eastern District of Virginia. The motion which the court there granted, reasoned: "At the time the defendant executed the Consent to Transfer he was incarcerated in the Federal Penitentiary at Lewisburg, Pennsylvania. He was not then and is not now under arrest in this District. Wherefore, the United States feels that this case should be disposed of in the District of South Carolina where the offense occurred."

7. Counts I and III were later nolle prosequed.

8. A transcript of the proceedings is attached to this court's order of May 28, 1969.

THE DEFENDANT: Yes, sir.

THE COURT: Before I let you plead guilty, I will have to ask you if anybody has promised you anything to get you to plead guilty.

THE DEFENDANT: No, sir.

\* \* \* \* \* \*

THE COURT: Has anybody threatened you in any way?

THE DEFENDANT: No, sir.

THE COURT: Do you know of any reason you should not plead guilty?

THE DEFENDANT: No, sir.

\* \* \* \* \* \*

THE COURT: All right, Madam Clerk, I will let him withdraw his plea of not guilty, and then enter a plea of guilty. [To defendant] DO NOT sign this unless it is a free and voluntary act on your part. You may proceed.

After this assurance the court allowed him to plead guilty and again asked him if this was truly what he wanted and he answered in the affirmative. After hearing from the investigating officer, Hutto, and his lawyers, the court passed sentence on December 17, 1968. On December 20, 1968, at his (and counsel's) request his sentence was placed under the provisions of 18 U.S.C. § 4208(a) (2).

■■■■ Rule 20(a) [9] Federal Rules of Criminal Procedure is permissive, and explicit. The permissive provision allows a defendant to state in writing his wish to plead guilty or enter a nolo contendere, and consent to disposition in the district in which he was arrested or in which he is being detained. In this case, at the time he was arrested he was in the Eastern District of Virginia; at the time he signed his consent he was also in that district. He was there in connection with his trial for a crime in that district. There is no showing that the Clerk of Court for the District of South Carolina had forwarded the indictment [10] to Virginia. Indeed, it would take some time for the ordinary processes of the court to effect a transfer of the papers. He was sent from the Eastern District of Virginia to prison at Lewisburg, and there is no showing of claim on his part that he first attempted to have the court in Virginia pass on the crime committed in South Carolina. At this stage of the proceeding his plea of not guilty was the only plea he had presented to the court. The transferee court had not accepted either a plea of guilty or a plea of nolo contendere. The plea of nolo could only be entered with consent of the court. Singleton v. Clemmer, 83 U.S.App.D.C. 107, 166 F.2d 963 (C.C.A.D.C.1948). See also 152 A.L.R. 267. Neither a plea of guilty nor a plea of nolo contendere could gain acceptance of the court unless the plea was fully and voluntarily made.[11]

9. Rule 20(a) reads: Indictment or Information Pending. A defendant arrested or held in a district other than that in which the indictment or information is pending against him may state in writing that he wishes to plead guilty or *nolo contendere*, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested or is held, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defend-

ant is held and the prosecution shall continue in that district.

10. The indictment presented in South Carolina was never forwarded to Virginia.

11. Rule 11, Federal Rules of Criminal Procedure provides: "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not

■ This court recognizes that the "rule would accord to a defendant * * * an opporunity to secure a disposition of the case in the district where the arrest takes place, thereby relieving him of whatever hardship may be involved in a removal to the place where the prosecution is pending."[12] Note that the intent is to relieve the prisoner from the hardship of removal. A review of the chronology avoids such a purpose here. The Rule 20 consent form was signed on July 18, 1968. On October 10, 1968, when he returned to South Carolina the plea of record was a plea of not guilty. Not until December 17, 1968, was the plea of not guilty withdrawn and a plea of guilty entered. The hardship no longer existed.

■ The inclusion of subsection (c)[13] of the rule is significant. It negates the argument that an accused has an absolute right to transfer under Rule 20. His right to the transferee jurisdiction is dependent on many factors. First, he must consent to the transfer in a form that indicates his clear intention to plead guilty or nolo contendere. Next, he must obtain consents from transferor and transferee District Attorney. Then he must enter the proper plea under the rule. The court must accept the plea. Lastly, he must not rescind his action by pleading not guilty after the transfer has been completed.[14]

■ This court had jurisdiction of the subject matter, which was the bank robbery. Bistram v. United States, 253 F.2d 610 (8th Cir. 1958). And that jurisdiction existed irregardless of how he was brought into the presence of the court. Strand v. Schmittroth, 233 F.2d 598 (9th Cir.). Even had petitioner been brought to trial (arraignment) against his will he cannot complain if the court has jurisdiction of the subject matter and his person. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952) for the state does not need a defendant's consent to put him on trial. Ruckle v. Warden, Md. Penitentiary (4th Cir. 1964), 335 F.2d 336, cert. den. 85 S.Ct. 330, 379 U.S. 934, 13 L.Ed.2d 345, Gainey v. Turner (D.C.N.C.1967), 266 F.Supp. 95. Here petitioner was personally in the jurisdiction where the crime was committed when he changed his plea from not guilty to guilty. He consented to the proceedings. Only after a sentence which was not to his liking does he complain. His complaint is without merit.

Other claims in his petition are collateral and superfluous to his contest of jurisdiction.

The petition is dismissed.

And it is so ordered.

---

guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

12. Notes of Advisory Committee on Rules, 18 U.S.C.A. Rules 15 to 31, p. 127.

13. Fed.R.Crim.P. 20(c) Effect of Not Guilty Plea. If the proceeding has been transferred pursuant to subdivision (a) or (b) of this rule the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement that he wishes to plead guilty or nolo contendere shall not be used against him.

14. The defendant should be permitted, if he wishes, to initiate transfer proceedings under the rule without waiting for a copy of the indictment or information to be obtained. The defendant is protected against prejudice by the fact that under subdivision (c) he can, in effect, rescind his action by pleading not guilty after the transfer has been completed. [Notes of Advisory Committee on Rules.] See also United States v. Bistram, 153 F. Supp. 816, aff'd 253 F.2d 610 (D.C.N.D. 1957).