UNITED STATES of America, Plaintiff-Appellee,

v.

Donald Wayne HERBST, Defendant-Appellant.

No. 76–1778.

United States Court of Appeals, Tenth Circuit.

Submitted Sept. 29, 1977.

Decided Nov. 11, 1977.

E. Edward Johnson, U. S. Atty., Topeka, Kan., Douglas B. Comer, Asst. U. S. Atty., Prairie Village, Kan., for plaintiff-appellee.

Donald Wayne Herbst, pro se.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Donald Wayne Herbst (Herbst), appellant *pro se*, seeks review of his jury conviction

of violating 18 U.S.C.A. § 2314, i.e., interstate transportation of forged securities. A detailed recitation of the procedural background is required to facilitate our review.

Herbst was charged in the District of Kansas with four violations of § 2314 on September 25, 1974. Thereafter, on November 21, 1974, he was arrested in the District of Wisconsin on charges of violations of § 2314. On March 20, 1975 Herbst pled guilty in Rule 20[1] proceedings to a total of eighteen (18) counts, representing his § 2314 charges pending in Wisconsin and similar violations charged and pending in Mississippi, Georgia, Nebraska, Tennessee, and Oklahoma. The § 2314 violations then pending against Herbst in Kansas were not included in the March 20, 1975 Rule 20 proceedings, even though the United States Attorney's office in the District of Kansas was amenable to such a disposition and so notified the United States Attorney's office in the District of Wisconsin. The Kansas charges were apparently not considered because the Wisconsin office had "so many Rule 20 requests up there that they took the first few and denied the rest." [R., Vol. Two, p. 21.]

It is uncontested that at the time he entered his Rule 20 proceeding guilty pleas in Wisconsin on March 20, 1975, Herbst was unaware of the outstanding Kansas charges and that no promises or agreements were made relative to the Kansas charges. After entering his guilty pleas, Herbst was sentenced to four year concurrent terms on each of the eighteen charges.

Shortly thereafter, in late March, 1975, Herbst was brought to Kansas on the September 25, 1974 indictment. In May of 1975, Herbst appeared before a magistrate and pled "not guilty" to each of the four § 2314 charges within the indictment. On June 12, 1975, a superseding indictment charging Herbst with ten violations of

§ 2314 was filed. He was arraigned on June 20, 1975, at which time he again pled "not guilty."

On July 10, 1975 Herbst filed a motion to dismiss the superseding indictment as violative of his right to a speedy trial. At the same time he also filed a motion for additional time to file pre-trial motions. These motions came on for hearing on August 22, 1975, at which time Herbst argued, *inter alia*, that at the time he pled guilty to the Wisconsin Rule 20 proceedings he was of the understanding that he was disposing of *all* the outstanding federal charges against him as the result of his forged check cashing activities, and, had he been aware that additional like charges were outstanding in Kansas he would not have pled guilty. At the conclusion of the hearing, the trial court denied Herbst's motions, concluding that a Sixth Amendment violation of the right to a speedy trial had not been shown.

Trial was set for September 8, 1975. Prior thereto, Herbst's motion for a mental examination pursuant to 18 U.S.C.A. § 4244 was granted. Upon the Government's motion, the trial date was then set back to September 29, 1975. On September 25, 1975 Herbst moved for a continuance. It was granted in order to afford additional time for the mental examination.

On November 17, 1975 the results of the mental examination were received. Herbst was determined competent to stand trial. At this time, Herbst was granted an additional continuance to stay the Kansas proceedings until such time as a matter relating to the Wisconsin Rule 20 proceeding could be settled. Trial was then set for January 19, 1976, but docketing problems prevented trial at that time. His trial was rescheduled for March 15, 1976. On February 18, 1976, Herbst moved to represent himself and for an additional continuance.

1. Fed.R.Crim.P., rule 20, 18 U.S.C.A., provides in part:

   (a) *Indictment or Information Pending.* A defendant arrested . . . in a district other than that in which an indictment or information is pending against him may state in writing that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which he was arrested . . . subject to the approval of the United States Attorney for each district.

These motions were heard on March 12, 1976. The requested continuance was denied but Herbst was allowed to represent himself with the assistance of stand-by counsel.

Herbst proceeded to trial on March 15, 1976. Each of the ten counts in the superseding indictment charged Herbst for forged checks cashed in Kansas which had been drawn on banks located in other states; all of the counterfeit checks were thereafter returned to the various Kansas establishments which had cashed and honored them when they were presented by Herbst.

The Government presented a total of nineteen witnesses, several of whom identified Herbst as the party who had cashed some of the checks. Other witnesses testified to accepting the checks, processing them through normal banking channels, and the refusal to honor them. FBI Agent Dixon, a handwriting expert, identified Herbst's handwriting on each check. FBI Agent Ridlehoover testified relative to an interview with Herbst during which Herbst admitted cashing bogus checks from 1971 to 1974 in 43 of the 50 states. Agent Ridlehoover's testimony was accepted solely for the purpose of establishing a pattern, scheme, or plan and the jury was so instructed.

Herbst did not testify, although he actively cross-examined each of the Government's witnesses. He did call several of the Government's witnesses as his own. These witnesses testified generally about identification and the relative ease with which a check could be altered.

Herbst was convicted on all ten counts and sentenced to five years imprisonment on each. The sentences were ordered to run concurrently but consecutively to any sentences previously imposed. Several post-trial motions were lodged and denied.

On appeal Herbst contends that: (1) evidence of other crimes was improperly admitted; (2) the District of Kansas improperly handled the Rule 20 proceedings it initiated; (3) the superseding indictment was improper and should have been dismissed; (4) the trial court erroneously denied his March 12, 1976 motion for a continuance; and (5) the superseding indictment should have been dismissed as violative of his right to a speedy trial.

I.

Herbst contends that his constitutional right to a fair trial was circumscribed by the improper admission of alleged crimes other than those charged in the indictment. Herbst does acknowledge that "certain exceptions have evolved which allow such evidence to be received in special circumstances and for limited purposes" citing to our opinions in *United States v. Burkhart*, 458 F.2d 201 (10th Cir. 1972), and *King v. United States*, 402 F.2d 289 (10th Cir. 1968). Herbst argues, however that the Government's evidence relative to alleged similar crimes has little or no probative value and that there is a total absence of evidence connecting him with "the commission of the alleged similar crimes." He contends that the fact that some of the checks in other prior indictments were similar in appearance or contained similar names did not create the necessary nexus to allow their admission in the case at bar. He also argues that unless evidence of other crimes is *reliable* and *necessary* for the Government's case, it should not be admitted. He relies on *United States v. DiZenzo*, 500 F.2d 263 (4th Cir. 1974), for this proposition.

We have repeatedly held that, as a general rule, evidence of criminal activity other than that specifically charged in an indictment is not admissible, unless it establishes a course of conduct, scheme, design or intent. *United States v. Beathune*, 527 F.2d 696 (10th Cir. 1975), *cert. denied*, 425 U.S. 996, 96 S.Ct. 2211, 48 L.Ed.2d 821 (1976). Such evidence is also admissible for proof of motive, opportunity, knowledge, identity or absence of mistake, inadvertence or accident. *United States v. Freeman*, 514 F.2d 1184 (10th Cir. 1975). Evidence of motive, intent, opportunity, plan, and absence of mistake or accident is particularly relevant in any conspiracy case. *United States v. Gamble*, 541 F.2d 873 (10th Cir.

1976). The same rationale applies with equal weight in a case such as this, where the similarity of checks, names, and mode of operation establishes a pattern of conduct. Evidence of Herbst's prior criminal activities was admissible consistent with our prior opinions. *See : United States v. Stevens*, 452 F.2d 633 (10th Cir. 1972) and *United States v. Eagleston*, 417 F.2d 11 (10th Cir. 1969). This is particularly so, when, as here, the trial court adequately and properly instructed the jury relative to the limited nature for which the evidence of other crimes was admitted and was to be considered:

> There has been evidence presented which relates to possible similar unlawful acts and conduct of the defendant other than the specific offenses with which he is charged and is on trial. You are instructed that this evidence has been admitted only for the limited purpose of showing identity, guilty knowledge, intent, plan, scheme or course of conduct, if any, of the defendant with respect to the offenses charged. Such evidence of unlawful acts of a like or similar nature may not be considered by you as proof the defendant is guilty of the offenses charged, but is relevant and may be considered by you only for the limited purpose I have just stated.

> The defendant is on trial only for the acts alleged in the indictment. He is not on trial for any other act or conduct. In determining whether the defendant is guilty or innocent, you are, therefore, to consider only whether he has or has not committed the acts charged in the indictment. Even if you are of the opinion that the defendant is guilty of some offense not charged in the indictment, you must find him "not guilty" if the evidence does not show beyond a reasonable doubt that he has committed the specific acts charged in the indictment.

·[R., Vol. Five, pp. 318–319.]

## II.

■ Herbst contends that the District of Kansas improperly handled the Rule 20 proceedings it initiated in Wisconsin because he was never advised that the proceedings were initiated or of the subsequent refusal by the District of Wisconsin to process the Kansas request. The Government responds that the mere fact that Rule 20 proceedings were initiated and later dropped is irrelevant and that no due process rights were violated by the decision not to proceed under Rule 20. We agree.

It is noteworthy here, we believe, that neither Herbst nor his attorney in the District of Wisconsin Rule 20 proceeding were aware of the pending Kansas charges at the time of the Wisconsin proceedings, and no promises or agreements were made to him by the United States Attorney for the District of Kansas or any other party relative to the disposition of the District of Kansas charges in exchange for the Rule 20 pleas in Wisconsin.

Essentially, Herbst's main arguments on this point are that he would not have entered the Wisconsin Rule 20 pleas had he known of the pending Kansas charges and that a defendant has a "right" to enforce a Rule 20 proceeding, whereby such a proceeding may be utilized to dispose of all outstanding charges against him. Such is not the law. In *Singer v. United States*, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965), it was observed:

> . . . although he can waive his right to be tried in the State and district where the crime was committed, he cannot in all cases compel transfer of the case to another district, see *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 245, 84 S.Ct. 769, 11 L.Ed.2d 674; *Kersten v. United States*, 161 F.2d 337, 339 (C.A. 10th Cir. 1947), cert. denied, 331 U.S. 851, 67 S.Ct. 1744, 91 L.Ed. 1859, . . .

380 U.S., at p. 35, 85 S.Ct., at p. 790. Defendants, clearly, do not have a "right" to effectuate transfers under Rule 20. In *United States v. Smith*, 515 F.2d 1028 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1119, 47 L.Ed.2d 322 (1976), the court noted:

> Appellant argues that his removal from the Southern District of Indiana to be

tried in the Northern District of Mississippi violated his "right" to obtain a transfer under Fed.R.Crim.P. 20. Appellant requested a transfer of the earlier pending Dyer Act charges from Louisiana and the Mississippi escape charge. The United States Attorney for the Southern District of Indiana, however, did not agree, informing Smith's counsel by letter that "the attempt to obtain disposition of these two cases in this District is impractical inasmuch as several other charges against this defendant are being considered in Mississippi" (*i. e.* the instant charges as well as possible firearms violations). Rule 20 specifically requires the consent of the United States Attorney for each district involved, and we find nothing arbitrary or unreasonable about the refusal in this case. A defendant has no unilateral right to a transfer. See *United States v. Zink,* 436 F.2d 1248, 1250 (8th Cir. 1971). See also *Hutto v. United States,* 309 F.Supp. 489, 492–93 (D.S.C. 1970).

515 F.2d at p. 1030.

■ A Rule 20 transfer must be predicated upon the mutual consent of the transferor and transferee district attorneys. *Hutto v. United States,* 309 F.Supp. 489 (D.S.C. 1970). Accordingly, when, such as here, the mutual consent is lacking, a Rule 20 transfer cannot be effectuated. As in *Smith, supra,* we find nothing unreasonable or arbitrary in the refusal of the United States Attorney for the District of Wisconsin to include the Kansas charges in its Rule 20 proceedings; a multitude of charged offenses had to be considered, and the charges which were consolidated required in excess of four months to combine for disposition. The fact that Kansas initiated Rule 20 proceedings in Wisconsin and subsequently dropped them without notification to Herbst is not significant.

### III.

Herbst contends that the superseding indictment was improper and should have been dismissed. As noted *supra,* a four count indictment was initially returned

against Herbst on September 25, 1974. The superseding indictment here in issue was returned on June 12, 1975, prior to trial. It included the four counts contained in the original indictment and six additional counts. After trial to a jury, Herbst was convicted on all ten counts. Herbst did not attack the superseding indictment in the trial court. On appeal, his contention is, apparently, that the Government's decision to proceed with the superseding indictment was vindicative in nature.

■ An indictment must allege all the elements of a crime charged, *United States v. Tye,* 519 F.2d 586 (10th Cir. 1975), *cert. denied,* 423 U.S. 989, 96 S.Ct. 400, 46 L.Ed.2d 306 (1975). It will generally be deemed sufficient if it sets forth the elements of the offense charged and apprises the accused of the nature of the crime charged, so that he will be enabled to prepare a defense and plead the judgment in bar. *United States v. Tokoph,* 514 F.2d 597 (10th Cir. 1975). An indictment returned by a legally constituted and unbiased grand jury is generally not subject to attack on the ground that it is based on inadequate or incompetent evidence. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The dismissal of an indictment prior to trial does not bar subsequent prosecution for criminal acts described in that indictment. *De Marrias v. United States,* 487 F.2d 19 (8th Cir. 1973), *cert. denied,* 415 U.S. 980, 94 S.Ct. 1570, 39 L.Ed.2d 877 (1974). Thus, a superseding indictment, such as here, may be returned at any time before a trial on the merits. *United States v. White,* 524 F.2d 1249 (5th Cir. 1975), *cert. denied,* 426 U.S. 922, 96 S.Ct. 26, 29, 49 L.Ed.2d 375 (1976). No prejudice in fact is an incident of such proceeding.

■ We thus hold that the superseding indictment involved in the instant case was not improper or subject to dismissal as vindicative. Herbst's allegations of error fall short of their mark in establishing prejudice in fact from the return of the superseding indictment. Such is particularly true when,

as here, convictions were obtained not only on the first four original counts but also on the six additional counts contained in the superseding indictment, and the sentences imposed ran concurrently.

### IV. and V.

Herbst's final contentions that the trial court erred in refusing his motion for a continuance, made three days before trial, and the superseding indictment violated his right to a speedy trial are without merit.

Herbst was afforded substantial latitude and adequate time to prepare for trial. His motion for a continuance three days before trial was properly denied. Also, as noted, *supra,* the delays which occurred were the direct result of Herbst's motions for a Section 4244 mental examination and for a continuance to allow the finalization of the Rule 20 proceedings pending in Wisconsin. Having moved for additional time to facilitate the proper handling of these matters, Herbst cannot now lodge error on the part of the trial court for having granted his motions and in the process denying him his right to a speedy trial.

WE AFFIRM.