16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn Dominic CALDWELL, Defendant-Appellant.
 No. 93-5144.
 United States Court of Appeals, Fourth Circuit.
 Jan. 13, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-92-224, CR-92-225, CR-92-226, CR-92-237)
 William C. Ingram, Floyd, Allen & Jacobs, Greensboro, North Carolina, for appellant.
 Benjamin H. White, Jr., Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Shawn D. Caldwell entered a guilty plea in the Middle District of North Carolina to four counts of bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1993), and received a sentence of fifty-two months. Caldwell appeals from the judgment of the district court. He seeks a remand for inquiry into the possibility of a transfer to the Middle District, under Fed.R.Crim.P. 20, of other bank robbery charges pending against him in the Eastern and Western Districts of North Carolina. We affirm.
 
 
 2
 Caldwell committed a series of bank robberies which spanned all three federal districts of North Carolina. When arrested in the Middle District, he voluntarily provided information about the other robberies, which resulted in additional charges against him in the Eastern and Western Districts. During his sentencing, the court noted that a Rule 20 transfer of the charges in one of the districts to another district might benefit Caldwell by preventing a career offender sentence[1] in the last district to sentence him. No request for a transfer was made, and Caldwell does not allege any error on the part of the district court. However, he seeks a remand and, presumably, vacation of his sentence and resentencing.
 
 
 3
 A defendant does not have a right to a Rule 20 transfer. United States v. Herbst, 565 F.2d 638, 642 (10th Cir.1977). Caldwell failed to raise the issue in the district court to preserve it for appeal. We perceive no plain error in the sentence imposed and no basis for remanding the case.[2] The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual Sec. 4B1.1 (Nov.1992)
 
 
 [2]
 The government asserts in its brief that Caldwell's charges in the Eastern District were later transferred to the Western District for sentencing