UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Timothy GODFREY, Defendant-Appellant.

No. 129–68.

United States Court of Appeals Tenth Circuit.

April 28, 1969.

Peter J. Adang, Albuquerque, N. M., for appellant.

John A. Babington, Asst. U. S. Atty. (John Quinn, U. S. Atty., Albuquerque, N. M., was with him on the brief) for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellant was convicted in the United States District Court for the District of New Mexico of a Dyer Act violation, 18 U.S.C. § 2312, the interstate transportation of a stolen automobile knowing the same to have been stolen. He appeals, asserting the single contention that a statement made by him to an arresting state officer was improperly admitted in evidence at trial. The issue was first heard by the court on motion to suppress and, after a full hearing, the motion was denied.

On February 27, 1968, appellant was observed by Officer Alexander of the Hobbs, New Mexico police department to drive an automobile through a red traffic signal. The car had three other occupants. The officer gave chase and stopped the vehicle. Appellant then left the automobile and walked back to the police unit. The officer covered appellant with his gun, walked him back to the automobile and searched appellant, the other occupants, and the vehicle for weapons. Following the searches and after appellant was unable to produce either a driver's license or a car registration the officer placed appellant under arrest for aggravated careless driving and lack of a driver's license, ordered him into the police car, and proceeded to take him to the police station.

En route to the police station the officer received a call on his radio asking if he would like a "1028" and "1029" on the vehicle that appellant had been driving and after answering in the affirmative, the officer was asked by the appellant what the code numbers meant. The officer told appellant that these were call signals to run a check on whether the subject automobile was stolen. Shortly thereafter and at approximately the time the officer reached the police station appellant said to the officer, "I'll tell you something, if you'll let the others go." After the officer asked "What's that," and appellant repeated the statement, the officer replied that "it was not up to [him]; that any felonies or anything else, would be up to the detective division." Appellant then stated, "Well, since you're going to find out, anyway, the car is stolen out of Nevada." It is the trial court's admission of this inculpatory statement that forms the basis of this appeal. Appellant was not given the *Miranda*[1] warnings until after he entered the police station.

There can be no doubt that at the time appellant made his statement he was in custody and had been exposed to the natural coercive atmosphere of a subjectively protective but totally justified arrest by the officer. Under these circumstances any interrogation by the officer would fall within the exclusionary prohibitions of *Miranda*. Orozco v. State of Texas, 394 U.S. ——, 89 S.Ct. 1095, 22 L.Ed.2d 311, dec. March 25, 1969. And we have little doubt that an interrogation can be so subtly designed as to avoid specific questions being initiated by the interrogator. But such is not this case. Here the officer in no way prodded or encouraged appellant to talk but to the contrary discouraged him by refusing to make any promises. Appellant's statement was not the result of an improper compelling influence, despite the element of custody, and the trial court properly admitted the statement in evidence in accord with the specific guidelines of *Miranda*, supra at 478, 86 S.Ct. at 1630:

"Any statement given freely and voluntarily without any compelling influence is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated."

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

See also Sablowski v. United States, 10 Cir., 403 F.2d 347; Anderson v. United States, 10 Cir., 399 F.2d 753; Parson II v. United States, 10 Cir., 387 F.2d 944; Stone v. United States, 10 Cir., 385 F.2d 713, cert. denied, 391 U.S. 966, 88 S.Ct. 2038, 20 L.Ed.2d 880.

Affirmed.