**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Eugene Leroy LITTLEJOHN, Defendant-
Appellant.**

**No. 521–70.**

United States Court of Appeals,
Tenth Circuit.

April 22, 1971.

Stephen K. Lester, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S.

Atty., Wichita, Kan., with him on the brief), for plaintiff-appellee.

C. Warner Eisenbise, Wichita, Kan., on brief for defendant-appellant.

Before LEWIS, Chief Judge, and JONES * and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

Littlejohn appeals from a conviction in the United States District Court for the District of Kansas for the crime of escaping from the lawful custody of a United States marshal in violation of 18 U.S.C. § 751. The principal question presented is whether the trial court erred in not sustaining Littlejohn's motion to suppress statements made by him to an arresting officer prior to being advised of his rights as formalized in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). It is agreed that the *Miranda* warnings were not given prior to the statements.

While being held in the Sedgwick County, Kansas Jail awaiting sentencing following conviction in federal district court for a Dyer Act violation, Littlejohn and a group of other prisoners escaped from jail and were at large. Kansas state authorities immediately set up roadblocks in the area and began a search to apprehend the escapees. Acting on a report that an individual was seen on a highway some distance from one of the roadblocks, a deputy sheriff drove to that area and observed a young man walking along a state highway. The deputy did not know Littlejohn or the names of the escapees. He stopped the individual, identified himself, and asked for his name, age, and where he was going. The individual gave his age, his destination, and stated that his name was Drake. He advised the deputy that he had been checked by officers two or three times. Upon request of the deputy, the individual agreed to return with him to the roadblock for the purpose of verifying his statement. While the deputy was attempting to communicate with the sheriff by car radio, Drake intervened and told the deputy that if he would turn off the radio, "he had something to tell me." He then said that he was Littlejohn and that he had escaped from the Sedgwick County Jail with the others.[1] This information was not in response to interrogation by officers.

■■ Assuming that Littlejohn was in legal custody when the incriminating statements were made, it is quite clear that the statements were not the result of interrogation by officers and were made voluntarily while the deputy sher-

---

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. In his testimony, Littlejohn's version of what took place after the deputy appeared is as follows:

"Q. What else did you do, if you remember?

"A. Well, I was heading out on 81 and I walked through this field. I didn't want to even get up on the highway at that time. And I must have disturbed this animal. I think it was a rat. I must have disturbed it because I ended up with a rat bite on my leg. And I laid down in the field right then and started thinking about this whole thing. I thought, 'Well, there really is no sense to go on. I tried to find her and couldn't. So I might as well let myself get caught.'

"So I walked up to the highway, which would be about a hundred yards distant from where I was at that time in this field. I walked up to the highway. And there I was picked up. And brought back to the jail.

"Q. While you were on the highway, did you have occasion to see a car marked as an, either a Sheriff's car or police car pass you?

"A. Yes, he did. He passed me going north and that was the same one, he passed me going north and I had made some kind of motion to him, and he turned around and then came back and he pulled over and said he was looking for me. And I didn't—I don't recall any of the statements that he made earlier about my saying, giving him a false name, as he testified earlier. I don't remember saying that to him. All I remember saying to him was that I was sick and I wanted to see a doctor and I told him who I was, and escaped from the County Jail."

iff was trying to reach others by radio. The record discloses no impelling influences by the deputy to bring about Littlejohn's admission that he was an escapee. Under these circumstances, the statements were admissible. In Miranda v. Arizona, *supra*, 478, 86 S.Ct. 1630, it was said:

> "* * * Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated."

Apparently because he was sick, Littlejohn left his hiding place and went to the highway for the purpose of being apprehended. We have held that strictly voluntary incriminating statements are not necessarily excluded by the *Miranda* rule. United States v. Bourassa, 411 F. 2d 69 (10th Cir. 1969), cert. denied, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); United States v. Godfrey, 409 F.2d 1338 (10th Cir. 1969); Anderson v. United States, 399 F.2d 753 (10th Cir. 1968); Stone v. United States, 385 F.2d 713 (10th Cir. 1967), cert. denied, 391 U.S. 966, 88 S.Ct. 2038, 20 L.Ed.2d 880 (1968).

It is next contended "that the trial court submitted his instructions to the jury immediately upon the close of Appellant's case without having afforded Appellant's counsel an opportunity to examine said instructions or even have time to reflect upon them thus denying Appellant the opportunity to make a studied objection to said instructions or any portion of them." The defense offered no instructions and there were no objections to those given by the court. Fed.R.Crim.P. 30 requires the trial court to inform counsel *prior* to argument of its proposed action upon requested instructions. Absent any requested instructions, the trial court is not required to advise counsel of its contemplated instructions to the jury, or to supply counsel with copies thereof. Martin v. United States, 404 F.2d 640 (10th Cir. 1968); cf. Dunn v. St. Louis-San Francisco Railway Company, 370 F.2d 681 (10th Cir. 1966). Although there were no objections to the court's instructions, we have given them careful examination and conclude they adequately and fairly advised the jury of its duties and the controlling issues in the case.

Affirmed.