**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Richard Alvin WOODRING, aka Carlton
D. Woodring, aka Dee Burke,
Defendant-Appellant.**

**No. 590–70.**

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 1971.

---

Glenn J. Mecham, Asst. U. S. Atty., Salt Lake City, Utah (C. Nelson Day, U. S. Atty., Salt Lake City, Utah, with him on the brief), for plaintiff-appellee.

H. Don Sharp, Ogden. Utah, for defendant-appellant.

Before PICKETT and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

Appellant Woodring appeals from a conviction for the robbery of the South Ogden Branch of the First Security Bank of Utah in violation of 18 U.S.C. § 2113(a) and (d).

Shortly before the closing hours on December 5, 1969, the aforesaid bank was robbed by a lone gunman who first approached a bank teller and demanded that she deposit her cash in a cloth bag which he furnished. The robber then, at the point of a gun, directed her to go to the cages of three other tellers to obtain the cash in their possession. The robber thereupon left the bank with over $13,-000.00. Immediately after the robbery, the four tellers furnished law officers with descriptions of the gunman. Each of the tellers gave substantially the same description. In the days that followed, the tellers examined a myriad of photographs of known criminals, none of which was identified as the robber. Early in February 1970, an F.B.I. agent produced eight photographs, one of which was of Woodring. This group of photographs was presented separately to the tellers, each identifying Woodring as the robber. On February 5, 1970 a number of F.B.I. agents apprehended Woodring as he left an automobile after entering the parking facilities at the Stapleton International Airport at Denver, Colorado. At that time there was an outstanding warrant for Woodring as a federal escaped prisoner. When Woodring was arrested the officers knew that he was wanted for bank robbery in Salt Lake City, Utah, and Woodring was so advised.

The day following his arrest, Woodring was taken before a United States Commissioner in Denver for a hearing. The Commissioner fully advised him of his rights, whereupon Woodring requested a recess in the proceedings to permit him to talk to the F.B.I. agents. The request was granted and the interview was held in a separate room. In this interview Woodring admitted the Utah robbery, furnishing all of the details.

No contention is made that prior to making these admissions Woodring was not fully advised of his constitutional rights. It was suggested that the case be disposed of in Colorado under the provisions of Rule 20, Federal Rules of Criminal Procedure. Later, Woodring changed his mind with regard to pleading guilty under Rule 20; removal proceedings were instituted under Rule 40, Federal Rules of Criminal Procedure, and he was removed to Utah for trial.

■ Relying on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968), it is contended that the pretrial identification by photographs was so unnecessarily suggestive as to lead to irreparable misidentification, which denied Woodring due process of law. The principal objection to the identification procedure was that when the last group of eight pictures was presented to the bank tellers, the one of Woodring was taken from a microfilm exposure and was printed on different paper than the other seven, which were glossy prints. This question was fully explored by the trial court on a pretrial motion to suppress, and we agree with its conclusions that under the circumstances of the case, the identification procedures used did not necessarily suggest a mistaken identity of Woodring. Aside from wearing colored glasses, the robber did not attempt to conceal his ordinary appearance. Each of the identifying witnesses had an excellent opportunity to carefully observe him during the robbery. Each witness was alone when the photograph identification was made. There was no indication that any of the witnesses had information that any of the persons shown in the pictures were suspects. When called as witnesses the tellers had not seen Woodring since the robbery, but instantly and spontaneously identified him as the person who held up the bank. The record makes it clear that at trial the witnesses retained in their memories the image of Woodring in person, not of the picture. United States v. Mason and Edwards, 440

F.2d 1293 (10th Cir. 1971); Belton v. United States, 429 F.2d 933 (10th Cir. 1970).

■ It is next urged that the admissions of Woodring made to F.B.I. agents following the recess in the hearing before the United States Commissioner violated the provisions of Rule 20(c), Federal Rules of Criminal Procedure, which provides that "(t)he defendant's statement that he wishes to plead guilty or nolo contendere shall not be used against him" if he pleads not guilty after a transfer in a Rule 20 proceeding. Apparently, contemplated proceedings under Rule 20 were abandoned before Woodring was called on to plead in Coloradc. In any event, Woodring solicited the opportunity to admit his participation in the Utah bank robbery. There is no evidence of, and no claim is made, that the admissions resulted from coercion, promises, threats or undue pressure by anyone, or that they were not voluntary. They were not made as part of Rule 20 proceedings and were statements made voluntarily and for Woodring's own reasons. We have said that "admissions or confessions of defendants in criminal cases, even after arrest, if voluntarily made, are admissible in evidence. Fowler v. United States, 239 F.2d 93, 94 (10th Cir. 1956).[1] See also, United States v. Littlejohn, 441 F.2d 26 (10th Cir. 1971), and cases cited therein.

■ During the course of the trial, the prosecution identified a .22 caliber revolver which witnesses described as being similar in size and appearance to that used by Woodring in the robbery. The prosecution advised the court that the gun would be connected with the de-

fendant by later evidence. It is assumed by the parties that the gun was obtained from a search of the car used by Woodring at the time of his arrest. This search was vigorously questioned by the defense in a motion to suppress and objections to testimony relative to articles seized. After argument on the objections, the prosecution decided to abandon the introduction of material seized in the search. It does not appear that the jury was prejudicially influenced by identification of the gun during the trial. Smith v. United States, 103 U.S.App. D.C. 48, 254 F.2d 751 (1958), cert. denied, 357 U.S. 937, 78 S.Ct. 1388, 2 L.Ed.2d 1552 (1958); State v. Wilson, 130 Wash. 444, 227 P. 850 (1924). The court instructed the jury that "(a)ny exhibits which have not been received, you should not consider them; and you should base your verdict entirely on the evidence received in open court, in the light of the instructions as to the law which the Court has given you * * *." While we do not condone the use of demonstrative evidence that is produced as an exhibit and not thereafter offered, particularly a gun in this kind of case, we find no prejudicial error in view of all the circumstances of the case and the instructions of the court. This is particularly true in view of Woodring's admission that he used a gun in the robbery which was later disposed of by him and not available.

■ We find no merit in appellant's contentions that counsel for the government (1) did not prove all of the statements made in his opening remarks to the jury, and (2) that the testimony of an F.B.I. agent was prejudicial when

---

[1]. In United States v. Godfrey, 409 F.2d 1338, 1339 (10th Cir. 1969), the court said: "Here the officer in no way prodded or encouraged appellant to talk but to the contrary discouraged him by refusing to make any promises. Appellant's statement was not the result of an improper compelling influence, despite the element of custody, and the trial court properly admitted the statement in evidence in accord with the specific guidelines of *Miranda* * * *." See also,

Cephus v. United States, 122 U.S.App. D.C. 187, 352 F.2d 663, 666, (1965), cert. denied, 384 U.S. 1012, 86 S.Ct. 1956, 16 L.Ed.2d 1031, in whch that court said: "Unless we are prepared to hold that police officers must refuse to listen to any person in custody as soon as the possibility of a 'bargain' is mentioned or a defendant otherwise spontaneously initiates a discussion of the charges against him, we must hold the police action here permissible."

he said that when arrested Woodring was told that "we had a warrant for him for a federal charge. In addition we had authorization for another charge emanating from Salt Lake City." In its opening statement the prosecution told the jury that it would prove the expenditure by Woodring of substantial sums of money shortly after the robbery.[2] This approach was abandoned during the trial. However, Woodring testified on cross-examination that shortly after the robbery he purchased an automobile from a dealer in Sterling, Colorado for $1,800.00 cash. Ordinarily, a defendant in a criminal case is not entitled to a new trial because the government fails to sustain by evidence all of his statements in his opening remarks to a jury unless they are manifestly prejudicial. In Frazier v. Cupp, 394 U.S. 731, 736, 89 S.Ct. 1420, 1423, 22 L.Ed.2d 684 (1969), the Court said:

"* * * It may be that some remarks included in an opening or closing statement could be so prejudicial that a finding of error, or even constitutional error, would be unavoidable. But here we have no more than an objective summary of evidence which the prosecutor reasonably expected to produce. Many things might happen during the course of the trial which would prevent the presentation of all the evidence described in advance. Certainly not every variance between the advance description and the actual presentation constitutes reversible error, when a proper limiting instruction has been given. * * *"

United States v. Mason and Edwards, 440 F.2d 1293 (10th Cir. 1971); Mares v. United States, 409 F.2d 1083 (10th Cir. 1968), cert. denied, 394 U.S. 963, 89 S.Ct. 1314, 22 L.Ed.2d 564 (1969). At the commencement of the trial the court advised the jury that opening statements are not evidence. Later the jury was also told that "(o)pening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but they are not evidence." See Frazier v. Cupp, *supra*; Webb v. United States, 191 F.2d 512 (10th Cir. 1951).

The reference by the F.B.I. agent to another charge was inadvertently made while he was testifying as to the circumstances surrounding Woodring's arrest. In view of the entire record and the overwhelming evidence of Woodring's guilt, the statement could not have had any appreciable effect on the action of the jury and did not affect any substantial right of the accused. See Bruner v. United States, 432 F.2d 931 (10th Cir. 1970).

Woodring's final issue is that he was denied due process of law on the ground that the hearsay evidence admitted in the removal hearing in Denver denied him his right to confront and cross-examine the witnesses against him. Appellant cites no authority to support his position that this issue may be raised in this appeal.[3] It is an established rule that "due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards." Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 512, 96 L.Ed. 541 (1952), rehearing denied, 343 U.S. 937, 72 S.Ct. 768, 96 L.Ed. 1344 (1952).

Alleged violations of the provisions of Rule 40 will not nullify the sub-

---

2. The statement referred to is as follows:
   "Dennis and Randy Skinner, who are brothers engaged in the snowmobile sales business in the area, will testify regarding their contact with the defendant and how he purchased certain vehicles from them with cash. Eugene Wagner, who is an automobile salesman from Sterling, Colorado, will testify regarding the sale of an automobile to Mr. Woodring in Sterling, Colorado, and his mode of paying for this automobile four days after the alleged robbery in small denomination bills."

3. An order of removal under Rule 40 is not appealable. Galloway v. United States, 302 F.2d 457 (10th Cir. 1962), and cases cited therein.

sequent proceedings. Evans v. United States, 325 F.2d 596 (8th Cir. 1963), cert. denied, 382 U.S. 881, 86 S.Ct. 170, 15 L.Ed.2d 121 (1965). See also, Bistram v. United States, 253 F.2d 610 (8th Cir. 1958).[4] Appellant waived any irregularities in the Rule 40 proceedings when he submitted himself to the District Court for trial, pleaded not guilty, stood trial, and was convicted. Rule 12(b) (2), Fed.R.Crim.P.;[5] Hardy v. United States, 250 F.2d 580 (8th Cir. 1958), cert. denied, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958).

Appellant does not contend that the trial court did not have jurisdiction over him, nor does he allege any infirmities in the information by which he was charged. He complains, rather, that hearsay evidence, improperly admitted, was the basis on which the Colorado District Court found probable cause in the Rule 40 proceedings.

The record does not substantiate Woodring's contention. At the removal hearing, defense counsel stated that the defendant was Richard A. Woodring, the name given in the information. Woodring told an F.B.I. agent that he was "Richard Allen Woodring," that he had robbed the bank and the manner in which he robbed it. The agent testified in the Rule 40 hearing to Woodring's voluntary admissions that he committed the robbery.

There is sufficient evidence to show that the court properly performed its function in the removal hearing. The court expressly found that Woodring was the person named in the complaint charging bank robbery in the United States District Court for the District of Utah, a certified copy of which was filed in the District Court in Denver, that the crime of bank robbery had been committed, and that there was probable cause that Woodring was guilty of the crime charged. United States v. Provoo, 16 F.R.D. 341 (S.D.N.Y.1954); United States v. Binion, 13 F.R.D. 238 (D.Nev. 1952), appeal dismissed, 201 F.2d 498 (1953), cert. denied, 345 U.S. 935, 73 S.Ct. 796, 97 L.Ed. 1363 (1953).

Affirmed.

4. At page 612 in Bistram v. United States, the Court said:
"It has long been a firmly entrenched principle of federal jurisprudence that if the accused is personally before a court having jurisdiction of the subject matter, that court has jurisdiction over the accused regardless of how he was brought into the presence of the Court."

5. Rule 12(b) (2) of the Federal Rules of Criminal Procedure reads as follows:
"Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. * * *"