**UNITED STATES of America**

v.

**Roland RICHARDSON, a/k/a Eddie Richardson, Defendant.**

**No. 72-M-2110, 72-C-**

United States District Court, E. D. New York.

Dec. 6, 1972.

Robert A. Morse, U. S. Atty., E.D. N.Y., Brooklyn, N. Y., by Thomas R. Pattison, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for plaintiff.

Barry Krinsky, Legal Aid Society, Brooklyn, N. Y., for defendant.

JUDD, District Judge.

## MEMORANDUM AND ORDER

The case is before this court on defendant's motion to review the action of United States Magistrate Max Schiffman in issuing a warrant to remove defendant to the Virgin Islands to answer an information charging him with unlawful flight to avoid prosecution. 18 U.S.C. § 1073.

The Magistrate acted on the basis of an order for bench warrant signed by Judge Warren B. Young of the District Court of the Virgin Islands. A hearing was held before the Magistrate at which copies of affidavits from the Virgin Islands were filed, and a United States Marshal testified that the defendant had identified himself as the person named in the underlying information. The Magistrate found that there was probable cause to remove defendant to the Virgin Islands for prosecution; he signed a written report, and stated that he would sign a removal order on presentation. This court orally stayed the removal order overnight to hear and consider the matter.

Defendant asserts that the finding of probable cause by the Magistrate was erroneous. If the United States Magistrate had power to issue the warrant, it is not necessary for this court to review the merits.

## Discussion

Criminal Rule 40 sets out the procedure for removal of a defendant to another district. Prior to the recent addition of Subdivision (b)(5), the Magistrates' powers were limited to informing the defendant of his rights under F.R.Cr.P. 5(c) and to a hearing on the removal [F.R.Cr.P. 40(b)(2)], to conducting the hearing if requested and to reporting his findings and recommendations to a district judge. F.R.Cr.P. 40(b)(3). In both the contested and uncontested removal proceedings, only a United States judge could issue the warrant for removal. Subdivision (b)(5), effective October 1, 1972, permits the district court to adopt a rule giving the magistrate power to issue a warrant of removal under F.R.Cr.P. 40(b)(3). Such a rule was adopted by the judges of this district by order dated October 24, 1972. General Rules for the Southern and Eastern Districts of New York, Rule 25.1.

The Advisory Committee Note to the amended Rule 40 states (56 F.R.D. 143, 165–166):

> The requirement that an order of removal under subdivision (b)(3) can be made only by a judge of the United States . . . is retained. However, subdivision (b)(5) authorizes issuance of the warrant of removal by a United States Magistrate if he is authorized to do so by a rule of district court. . . .

> Although former rule 40(b)(3) required that the warrant of removal be issued by a judge of the United States, there appears to be no constitutional or statutory prohibition against conferring this authority upon a United States magistrate in accordance with 28 U.S.C. § 636(b).

No distinction is made by either the Rule itself or the Advisory Committee Note regarding the Magistrates' powers in contested and non-contested removal proceedings.

One of the prime purposes of the Federal Magistrates Act, P.L. 90–578 (codified in 28 U.S.C. §§ 631–38 and various sections of 18 U.S.C.), was "to cull from the ever-growing workload of the U. S. district courts matters that are more desirably performed by a lower tier of judicial officers." Legislative History 1968 U.S.Cong. & Adm.News, p. 4255. To this end 28 U.S.C. § 636(b) provides:

> Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. . . .

The policy in favor of finality of removal orders is apparent from 28 U.S. C. § 2253 which provides that there shall be no right of appeal from an order testing the validity of a removal warrant or of detention pending removal proceedings.

Appeal from a magistrate to a district judge lies only from a conviction. 18 U.S.C. § 3402. The Supreme Court's Rules of Procedure for the Trial of Minor Offenses before Magistrates authorize *de novo* hearings before a district judge only if a district judge's decision of the same nature would be appealable. Rule 5. While the habeas corpus analogy is not entirely apposite, the absence of a right to appeal in habeas proceedings involving removal orders is persuasive that removal orders should not be subject to the delays of *de novo* review. *Cf.* Application of Jackson, 338 F.Supp. 1225 (W.D.Tenn.1971).

Since the Magistrate in a removal proceeding has been authorized by the

court rules to issue a removal warrant, after determining that probable cause has been shown, it is appropriate that any further contest on the merits take place in the district where the facts can be more effectively developed. The defendant will be able to present all defenses to the underlying charge in the district where it was brought.

It is ordered that the motion to stay or vacate the warrant of removal be denied.