UNITED STATES of America,
Plaintiff,

v.

William D. SHERRIFFS, d/k/a Bill
Sherriffs, Defendant.

Misc. No. 453.

United States District Court,
E. D. Wisconsin.

Nov. 5, 1974.

---

William Mulligan, U. S. Atty. by David B. Bukey, Asst. U. S. Atty, Milwaukee, Wis., for plaintiff.

Lerner & Adelman by Robert J. Lerner, Milwaukee, Wis., for defendant.

## ORDER

MYRON L. GORDON, District Judge.

At a removal hearing on April 24, 1974, the magistrate determined that the defendant had "not been properly identified" as the individual named in the indictment. Rule 40(b)(3)(A), Federal Rules of Criminal Procedure. On the basis of such finding, the magistrate refused to issue a warrant of removal and ordered the defendant discharged from custody. See Rule 40(b)(5); Local Rule 17. The government challenges the magistrate's decision as clearly erroneous.

A removal order is not appealable and cannot be reviewed in the district where the defendant is arrested. United States v. McCray, 458 F.2d 389 (9th Cir. 1972); United States v. Woodring, 446 F.2d 733, 737 n. 3 (10th Cir. 1971); United States v. Perkins, 140 U.S.App.D.C. 76, 433 F.2d 1182 (1970); Galloway v. United States, 302 F.2d 457 (10th Cir. 1962); United States v. Richardson, 57 F.R.D. 196 (E.D.N.Y.1972).

While these cases do not cover specifically the problem at hand (the denial by a magistrate of a warrant of removal and the appeal to the district court), they demonstrate that review is ordinarily not available in removal cases. In *McCray*, the court said:

> "It is doubtful if there was any jurisdiction in the district court to review (after McCray was back in Kansas) the commissioner's prior approval of the removal."

Rule 40(b)(5) allows a magistrate to issue a warrant when, as here, such action is authorized by a local rule. Neither Rule 40(b)(5) nor Local Rule 17 provide for review by the district court of the magistrate's removal determination. Indeed, such review would defeat the purpose of Rule 40(b)(5), which is to conserve the district judge's time.

The denial of a warrant of removal is not res judicata. A permissible remedy for the government, therefore, would be to request a second arrest of the defendant and a new removal hearing. United States v. Levy, 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed. 1010 (1924). Even though I am of the view that the magistrate erred in his conclusion, I find that his finding is not subject to review. There is no better reason or authority to permit an appeal from a magistrate to a district court than there is from a district court to a court of appeal. The government's entitlement to take an appeal in a criminal case must be affirmatively established. 18 U.S.C. § 3731. I find no such right to appeal the magistrate's order. When the rules of this court authorized the magistrate to grant removal, it impliedly gave him the right to deny removal. Neither Rule 40(b) nor the local rule grants the prosecution the right to appeal such an order.

Therefore, it is ordered that the government's "motion for review of magistrate's order dismissing defendant and for issuance of a warrant of removal" be and hereby is dismissed.