**UNITED STATES of America, Plaintiff,**

**v.**

**Steve Ranier CANADA, Defendant.**

**No. 77 CR 510.**

United States District Court,
N. D. Illinois, E. D.

Nov. 9, 1977.

Thomas P. Sullivan, U.S. Atty. by Richard C. Leng, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Richard T. Sikes, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

CROWLEY, District Judge.

Defendant, Steve Ranier Canada, was charged by way of information in the Dis-

trict of Kansas with making a false statement of material fact to obtain unemployment compensation for federal military service in violation of Title 18 United States Code, Section 1919. A warrant for his arrest was issued by the United States District Court for the District of Kansas. In June, 1977, Canada was arrested by FBI agents in Chicago, Illinois. He was immediately taken before the United States Magistrate and was released on a $4,500 personal recognizance bond.

On June 24, 1977, Canada filed a Motion to Dismiss the proceedings pending before the Magistrate on the ground that the information failed to state an offense. The motion was denied. Thereupon a preliminary hearing was held pursuant to Rule 40(b)(3)(B) of the Federal Rules of Criminal Procedure. At the conclusion of the Government case, Canada renewed his motion to dismiss and moved for a finding of no probable cause. The Magistrate found probable cause and denied Canada's motion to dismiss. Pursuant to Rule 40(5) of the Federal Rules of Criminal Procedure, the Magistrate entered an order providing for a warrant of removal to the District of Kansas. On Canada's motion, the magistrate stayed execution of the order for 30 days to allow filing of an appeal or motion to vacate. The matter is presently before this court on defendant Canada's Motion to Vacate the Order of Removal.

■ At the outset, this Court has been troubled by a point not raised by either party. That is, the authority of a removing court, whether it be a district judge or a magistrate, to question the sufficiency of the charging document. There is a body of law standing for the broad proposition that "the [judge or magistrate] cannot rule on disputed questions of law, whether they relate to sufficiency of the indictment or validity of the statute on which the charge is based . . . ." *U. S. ex rel. Kassin v. Mulligan*, 295 U.S. 396, 55 S.Ct. 781, 79 L.Ed. 1501 (1934). Under this standard, neither the magistrate nor the district court upon motion to vacate would be empowered to rule on Canada's contention that the charging information fails to state an offense.

However, in *United States v. Winston*, 267 F.Supp. 555 (S.D.N.Y.1967), District Judge Tenney voiced a very specific and narrow divergence from this general rule. In à well reasoned opinion, Judge Tenney stated that a judge or magistrate "has no authority to order removal of a defendant to another district court where the indictment *clearly shows, on its face*, that no crime was committed in the district to which removal is sought". 267 F.Supp. at 560 (emphasis added). Therefore the question of sufficiency of the information in the present case was properly before the magistrate.

Having overcome the initial jurisdictional hurdle, we are faced, in the present case, with a more formidable barrier to jurisdiction. That is, whether this District Court has jurisdiction to review the removal order entered by a United States Magistrate.

Rule 40 of the Federal Rules of Criminal Procedure provides for removal of a person arrested on a complaint issued in a district other than the district of arrest. Prior to the 1972 amendment to Rule 40, the Magistrate's powers under the Rule were limited to: informing the defendant of his rights, conducting the hearing if requested and reporting his findings and recommendations to a district judge. Only a federal district judge could issue the warrant for removal. Effective September, 1972, Rule 40 was amended to provide for issuance of removal orders directly by the magistrates:

When authorized by a rule of the District Court, adopted in accordance with 28 U.S.C. § 636(b), a United states magistrate may issue a warrant of removal under subdivision (b)(3) of this rule. Rule 40(b)(5) Fed.R.Crim.P.

In accordance with this congressional mandate, the Magistrate Rules for the Northern District of Illinois provide:

. . . U.S. Magistrates in this district are authorized to perform the following duties in criminal cases:

. . . (4) Appoint counsel set bail and conduct removal hearings in pro-

ceedings involving persons arrested on warrants issued upon a complaint, information or indictment filed in another district pursuant to Rule 40 of the Federal Rules of Criminal Procedure. U.S.Dist.Ct.Rules N.D.Ill., Magistrate Rule 1.01(B).

■ One of the primary goals of the Magistrates Act was to "cull from the ever-growing workload of the U. S. district courts matters that are more desirably performed by a lower tier of judicial officers". *United States v. Richardson*, 57 F.R.D. 196 (E.D.N.Y.1972); 1968 U.S.Cong. & Admin. News, p. 4255. In furtherance of this goal, Congress provided that magistrates could, if directed by a majority of judges in the district, hear and issue removal orders. 28 U.S.C. § 636(h); Rule 40(b)(5) Fed.R. Crim.P.

■ Generally a federal district court has the power to review decisions of its magistrates. However, "in situations where by statute or valid court rule the magistrate is empowered to make final disposition", the jurisdiction of the district court is terminated. *Bruno v. Hamilton*, 521 F.2d 114 (8th Cir., 1975). The crux of the question before this court, therefore, is whether, by reason of the Magistrates Act, Rule 40 and Local Rule 1.01, magistrates in the Northern District of Illinois are empowered to make final disposition of removal petitions.

■ Given the stated purpose of the Magistrates Act, removal questions are of the type which Congress believed could more efficiently be handled by magistrates. Review of removal orders by a district judge would be a direct contradiction of Congressional intent. Expeditious resolution of removal questions can only be guaranteed if the magistrate's disposition is final. *United States v. Sheriffs*, 64 F.R.D. 729 (E.D.Wis.1974).

This approach is reinforced by the fact that, as a general proposition, removal orders are not appealable. *United States v. Woodring*, 446 F.2d 733, 737 N. 3 (10th Cir., 1971). Appeal to the Circuit Court of Appeals has been foreclosed in removal cases

in order to assure the finality of such orders.

This, of course, does not mean that Defendant Canada is without relief. While a challenge on the sufficiency of the charging information is premature in this district, the defendant will be able to present his argument that the information fails to state a crime, in the District Court in Kansas.

Accordingly, the motion to vacate the warrant of removal is denied.